# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNDY SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 06-CV-489-WDS |
| | ) |
| JIM SCHNIPPER, et al., | ) |
| | ) |
|     Defendants. | ) |

### O R D E R

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss (Doc. 8) to which there has been no responsive pleading properly filed.[1]  Plaintiff's complaint seeks recovery for sexual harassment which is alleged to have occurred while plaintiff was employed by St. Clair Associated Vocational Enterprises (SAVE) from June 20, 2003, to January 10, 2006.  Plaintiff seeks to recover damages against her former supervisor, defendant Schnippers, in Count I for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and for violations of the Illinois Human Rights Act.  Count II seeks damages against defendant SAVE under Title VII and the Illinois Human Rights Act.

    1.    Title VII claims against Schnippers

The defendants seek dismissal of plaintiff's claim in Count I under Title VII against Schnippers on the grounds that Title VII does not provide for individual liability. The Seventh Circuit has held that Title VII does not impose individual liability on supervisory employees. *See Williams v. Seniff,* 342 F.3d 774, 781 (7th Cir. 2003); *Williams v. Banning*, 72 F.3d 552, 554

---

[1] Plaintiff's response was stricken on the grounds that several pleadings were filed under one heading.  The plaintiff has never re-filed her response, therefore, there is no responsive pleading before the Court.

(7th Cir. 1995).   Accordingly, the Court GRANTS defendants' motion to dismiss the Title VII claims in Count I against defendant Schnippers.

    2.    <u>Illinois Human Rights Act Claims</u>

The Illinois Human Rights Commission is an administrative body established by the State of Illinois to adjudicate claims involving civil rights.  775 ILCS 5/8-101 et seq.; *Garcia v. Village of Mount Prospect,* 360 F.3d 630, 639-40 (7th Cir. 2004).   It does not create a separate cause of action justiciable in the courts. *See, Welch v. Johnson*, 907 F.2d 714, 725 n.12 (7th Cir. 1990).  Plaintiff's claims that defendants' conduct was in violation of Illinois state law is also preempted by the Illinois Human Rights Act.  Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's claims brought under the Illinois Human Rights Act against both defendants.

Therefore, the Court **GRANTS** defendants' unopposed motion to dismiss.  Count I is **DISMISSED** in its entirety, and defendant Jim Schnipper is dismissed from this action.  Plaintiff's claims against defendant SAVE based on alleged violations of the Illinois Human Rights Act are **DISMISSED**.  Plaintiff is directed to file an amended complaint within twenty (20) days of the date of this Order.

    **IT IS SO ORDERED.**

    **DATED:   February 7, 2007.**

                              **s/  WILLIAM D.  STIEHL**
                                  **DISTRICT JUDGE**